UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON GRAB** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3439 c/w 09-4128, 09-7387, 10-838** |
| **TRAYLOR BROS., INC, KIEWET SOUTHERN CO., & MASSMAN CONSTRUCTION CO., a Joint Venture, ET AL.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Joint Venture's Motion for Summary Judgment Regarding Plaintiffs' Punitive Damages Claims (Doc. #265) is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**. Plaintiffs have not alleged any facts that demonstrate a claim that is plausible on its face that the Joint Venture acted willfully, wantonly, and with reckless indifference regarding the marking of the TKM-14 survey tower.

**IT IS FURTHER ORDERED** that the Joint Venture's Motion *In Limine* to exclude portions of the testimony of plaintiffs' liability exerts Bill Dobson, Charles Clark, and E. Geoffrey Webster (Doc. #266) is **GRANTED** as to their testimony regarding the Code of Federal Regulations, required markings, and permits, and **DENIED** as to their testimony regarding the visibility of the TKM-14 survey tower.

**IT IS FURTHER ORDERED** that Boh Bros. Construction Co., L.L.C.'s Motion to Strike Lary Scott Abshire's Punitive Damage Claim (Doc. #268) is **GRANTED**. Although the court has not determined whether Abshire is a Jones Act seaman or a longshoreman, he cannot maintain a

punitive damages claim against his employer, Boh Bros., under either the Jones Act, 33 U.S.C. § 30104, or the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq.  If Abshire is a longshoreman, worker's compensation under the LHWCA will be he sole remedy against Boh. Bros.  33 U.S.C. § 905.  On the other hand, if Abshire is a seaman, his sole cause of action for punitive damages would be an arbitrary and capricious failure to pay maintenance and cure on the part of Boh Bros.  Atl. Sounding Co., Inc. v. Townsend, 129 S.Ct. 2561 (2009).  It is undisputed that Boh Bros. has paid all of Abshire's medical expenses and compensation benefits.  Therefore, Boh Bros. could not have acted in an arbitrary and capricious manner to deny maintenance and cure.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions *in Limine* to exclude the testimony of Ron Campana (Docs. # 270, 272) is **GRANTED** as to testimony and evidence relating the Campana's emails with members of the Untied States Coast Guard regarding the marking of the TKM-14 survey tower.  The motions are otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions *in Limine* to exclude evidence of subsequent remedial measures regarding the permitting of the TKM-14 survey tower (Docs. # 269, 270) are **DENIED**.

New Orleans, Louisiana, this   4th   day of May, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**