UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON GRAB** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3439 C/W 09-4128, 09-7387, 10-838** |
| **TRAYLOR BROS., INC, KIEWET SOUTHERN CO., & MASSMAN CONSTRUCTION CO., a Joint Venture, ET AL.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Boh Bros. Construction Co., L.L.C.'s Motion to Delay Entry of Judgment and Re-Open the Evidence (Doc. #353) is **DENIED**.

Plaintiffs, Lary Scott Abshire and Jacob Kinchen filed this suit against their employer, Boh Bros. Construction Co., L.L.C. and Traylor Bros., Inc., Kiewet Southern Co., & Massman Construction Co., A Joint Venture (the "Joint Venture"), seeking to recover damages for a July 3, 2008, accident that occurred on Lake Pontchartrain when the Boh Bros. boat in which they were riding allided with the TKM-14 survey tower which was placed in Lake Pontchartrain by the Joint Venture.  A four day bench trial was held in this matter from May 5, 2011 to May 10, 211, on the issues of Abshire's seaman status, plaintiffs' Jones Act claims against Boh Bros., plaintiffs' unseaworthiness claims against Boh Bros., and plaintiffs' general maritime law claims against the Joint Venture.

On June 10, 2011, Boh Bros. filed a motion to delay the entry of judgment and reopen evidence.  Boh Bros. seeks to introduce statements from two of its employees, Jude Sanchez and

Jaime Picou, which it contends prove that two of the witnesses at trial, Kinchen and James Ellision, who was also on the vessel at the time of the allision, provided false testimony regarding which direction Kinchen was facing at the time of the accident. Neither Sanchez nor Picou were present on the vessel during the accident. Both claim that Ellison and/or Kinchen told them after the accident that Kinchen was looking back at Ellison when the accident occurred. Picou was apparently present at the courthouse during the trial, but not called to testify.

In Garcia v. Woman's Hosp. of Texas, 97 F.3d 810, 814 (5th Cir. 1996), the United States Court of Appeals for the Fifth Circuit stated that the trial court should examine "the importance of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the non-moving party" in deciding whether to reopen evidence. It is within the trial court's discretion to refuse "to reopen a case where the proffered 'new' evidence is insufficiently probative to offset the procedural disruption caused by reopening." Id. (quoting Rivera-Flores v. Puerto Rico Telephone Co., 64 F.3d 742, 746 (1st Cir. 1995)). The district court may deny the motion if it determines that a litigant "is engaging in any form of chicanery" or "was negligent in failing to introduce the evidence." Id.

Boh Bros. has not proffered a reason why the testimony from its employees was not introduced earlier. Further, the court has evaluated all of the evidence and testimony submitted at the trial of this matter, and the additional evidence that Boh Bros. seeks to introduce is unnecessary. Therefore, Boh Bros. motion to reopen the evidence is DENIED.

New Orleans, Louisiana, this   21st day of June, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**